UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANDREW C.M.,

                       Plaintiff,

           v.                                                **DECISION AND ORDER**
                                                            15-CV-760-A

MARTIN O'MALLEY,[1]
Commissioner of Social Security,

                       Defendant.
_____

      Plaintiff Andrew C.M., as the prevailing party in this social security benefits action, has filed a Motion for Attorney Fees, under 42 U.S.C. § 406 (b)(1)(A). Dkt. #17.  Defendant neither supports nor opposes counsel's request. Dkt. #22.

      By statute, this Court may determine and award a reasonable fee not to exceed 25% of total past-due benefits to an attorney who secures a favorable judgment for a claimant in a social security case in federal court. *See* 42 U.S.C. § 406 (b)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 ("§ 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court."). This fee authority "does not displace contingent-fee agreements" but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. Since 406(b) is not entirely self-explanatory, the Second

---

[1] Martin O'Malley is now the Commissioner of Social Security.  He is substituted pursuant to Fed. R. Civ. P. 25(d). The Clerk is directed to amend the caption to comply with this substitution.

Circuit, in "[s]eeking to provide…guidance" on the issue has held "that where there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Fields v. Kijakazi*, 24 F.4th 845, 852–53 (2d Cir. 2022) (quotations and citations omitted).  This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 807. "Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

Here, Plaintiff entered into a fee agreement with his attorney whereby Plaintiff agreed to pay attorney fees equivalent to 25% of the past due benefits awarded to Plaintiff or his family. Dkt. #17-2.  After this lawsuit was commenced in federal court, Plaintiff received a Notice of Award in which he was advised that it was determined that he was entitled to past due benefits. [2] Dkt. #18, p. 2 ("You will soon receive a lump sum payment in the amount of $126,657.70 which is the amount that is due to you from your past-due benefits.")  Plaintiff's counsel claims that he is entitled to $43,918.75 in attorney's fees.  *See*, Dkt. #17-1, p.1.  Such amount appears to be based upon the amount of attorney's fees which the Plaintiff's Notice of Award indicates, in a section entitled "Information About Representative Fees" were

---

[2] Plaintiff's counsel's original motion for attorney's fees included a Notice of Award from the SSA pertaining to a different individual. *See*, Dkt. #17-4.  Subsequently, Plaintiff's counsel separately filed Plaintiff's Notice of Award. Dkt. #18.

2

withheld from Plaintiff's past due benefits. *See*, Dkt. #18, p.4 ("We usually withhold 25 percent of past due benefits in order to pay the approved representative's fee. We withheld $43,918.25 from your past due benefits in case we need to pay your representative.").  However, a prior section of Plaintiff's Notice of Award entitled "What We Will Pay" indicates that "-$41,330.00" was the "Amount Withheld for Attorney's Fees."  Dkt. #18, p.2.  Based upon the foregoing, if the greater attorney's fees withholding (*i.e.,* $43,918.25, the amount sought by Plaintiff's counsel) were to be awarded, such amount would be in excess of the 25% statutory limit.[3]  Since the attorney  "bears the burden of persuasion that the statutory requirement has been satisfied," *Gisbrecht*, 535 U.S. at 807 n.17, and since Defendant's failure to oppose the motion is "not dispositive," *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017), this Court determines for purposes of this motion that the amount of attorney's fees sought by Plaintiff's attorney is appropriately limited to the lesser amount of attorney's fees withheld as reflected in the Notice of Award, *i.e.*, $41,330.00.  Unlike the greater amount ($43,918.25) sought by Plaintiff's counsel in his motion papers, *see*, Dkt. #17, such lesser amount falls within the 25% statutory limit.[4]

---

[3] If greater amount of attorney's fees withheld (*i.e.*, $43,918.25) reflected in the Notice of Award is added to the amount to which Plaintiff was awarded in past due benefits (*i.e.,* $126,657.70) to determine the total amount of Plaintiff's award (*i.e.,* $170,575.95), then the amount such attorney's fees would be **_in excess_ of** $42,643.99, which would, in such instance,  represent 25% of the Plaintiff's total award.

[4] If the lesser amount of attorney's fees withheld (*i.e.,* $41,330.00) reflected in the Notice of Award is added to the amount to which Plaintiff was entitled in past due benefits (*i.e.,* $126,657.70) to determine the total amount of Plaintiff's award (*i.e.,*

Yet, the inquiry does not end there as this Court must still determine whether the such amount is reasonable, and to do that, the Courts have looked to "whether there has been fraud or overreaching in making the agreement…[and]…whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

Having thoroughly reviewed counsel's fee request and supporting documentation, this Court finds that the requested fee is reasonable based on counsel's experience in social security law, the character of the representation provided, and the favorable results achieved. *See Gisbrecht*, 535 U.S. at 808. Moreover, there is no indication that this fee is a windfall. *Fields v. Kijakazi*, 24 F.4th at 849. Timesheets submitted by Plaintiff's counsel reflect that counsel spent 29.6 hours working on this case. Dkt. #17-7. While the fee here constitutes an hourly rate of roughly $1,390 per hour, which is high for Western New York, the precedent cited in counsel's fee application and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee requested. *See Gisbrecht*, 535 U.S. at 808 (noting that "a record of the hours spent representing the claimant" can be used by the court "as an aid to [its] assessment of the reasonableness of the fee yielded by the fee agreement"); *see also Fields*, 24 F.4th at 854 ("[E]ven a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case."). Moreover, the hourly rate being awarded is less than

---

$167,987.70), then the amount such attorney's fees would be **_less than_** $41,996.93, which would, in such instance, represent 25% of the Plaintiff's total award.

that which have been approved by other Judges in this District.  See e.g., Kimberly P. v. Comm'r of Soc. Sec., No. 18-CV-1074-LJV, 2024 WL 4581296, at *1 (W.D.N.Y. Oct. 25, 2024) (approving an hourly rate of over $1,500); John T. v. Comm'r of Soc. Sec., No. 1:21-CV-00297 EAW, 2024 WL 3897031, at *2 (W.D.N.Y. Aug. 22, 2024)(approving requested fee would result in a de facto hourly rate of $1,526); James C. v. Comm'r of Soc. Sec., No. 1:20-CV-01008-EAW, 2023 WL 8014383, at *3 (W.D.N.Y. Nov. 20, 2023) (granting de facto hourly rate of $2,047.00 based on counsel's quality and efficiency and collecting cases).

Finally, this Court recognizes, "accepting reasonable contingency agreements as the basis for a § 406(b) social security fee provides a critical incentive for able attorneys to practice in the social security field and increases the likelihood that a claimant can find an attorney sufficiently committed and skilled to litigate successfully against the government."  Wells, 907 F.2d at 372.

For these reasons, Plaintiff's counsel's motion is granted in part and counsel is awarded $41,330 fee request is therefore granted under 42 U.S.C. § 406 (b)(1)(A).

By stipulation approved and ordered on June 29, 2016, this Court previously awarded Plaintiff's counsel $5,300.00 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d). (Dkt. #15).  Because the fee granted herein exceeds the EAJA fee, Plaintiff's counsel must refund the $5,300.00 EAJA fee to Plaintiff. See Wells v. Bowen, 855 F.2d 37, 42 (2d Cir. 1988). Accordingly, it is hereby

**ORDERED**, that counsel's Motion for Attorney Fees is **GRANTED IN PART**, and Plaintiff's counsel is awarded attorney fees in the amount of $41,300.00 under 42 U.S.C. § 406(b)(1)(A) (Dkt. #17) . The fees are to be paid out of Plaintiff's past-due benefits in accordance with agency policy; and it is further

**ORDERED**, that Plaintiff's counsel is directed to refund to Plaintiff the $5,300.00 EAJA award within 14 days of receiving the § 406(b) award.

**IT IS SO ORDERED**.

*s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  November  22, 2024
        Buffalo, New York